**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**STATESBORO DIVISION**

| | | |
|---|---|---|
| THOMAS BROWN, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV609-035 CR602-008 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Thomas Brown moves to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.) The government, in its response (doc. 5), has shown that this is Brown's second § 2255 motion attacking the same 2002 conviction for maintaining a drug establishment. *See Brown v. United States*, No. CV603-132, doc. 5 (S.D. Ga. Feb. 13, 2004) (order denying Brown's first § 2255 motion).

Under 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28

U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). The Seventh Circuit has held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997) (a district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

Because Brown has already filed a motion under § 2255 and has failed to provide certification from the Eleventh Circuit authorizing this Court to consider his new § 2255 motion, this Court is without

jurisdiction to consider it. Accordingly, the motion should be **DISMISSED** as successive.

**SO REPORTED AND RECOMMENDED** this <u>17th</u> day of September, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**
